## 28921. GIVENS v. SPENCER et al.

GUNTER, Justice.

This appeal involves the question of whether the voting method used in the election of corporate directors was cumulative voting. The trial judge ruled that the appellee, who owned 650 shares of the voting stock of the corporation as opposed to appellant's ownership of only 350 shares, could cast his 650 votes for each of the corporate directors to be elected, thereby electing all of the directors of the corporation. The appellant contends that this method of voting amounted to cumulative voting, that cumulative voting was not provided for in the articles of incorporation, and that the trial judge's ruling was erroneous. We affirm the judgment below.

Code Ann. § 22-608 (a) provides: "Unless otherwise provided in the articles of incorporation or in a shareholders' agreement permitted under § 22-611, each outstanding share entitled to vote, regardless of class, shall be entitled to one vote on each matter submitted to a vote at a meeting of the stockholders."

Code Ann. § 22-608 (d) provides that the articles of incorporation may provide for cumulative voting. In this case the articles of incorporation did not so provide.

Two basic types of shareholder voting in the election of corporate directors are generally acknowledged, one type called "straight voting" and the other type called "cumulative voting." Under straight voting each shareholder votes the number of shares he owns for as many candidates as may be elected. If two directors are to be elected, the shareholder may vote the number of shares he owns for each of the two candidates. Under this procedure, the man who owns a majority of the shares can elect the entire board of directors. Under cumulative voting, which is a procedure designed to give some control to minority shareholders, each shareholder gets a block of votes equal to the number of shares he owns multiplied by the number of directors to be elected. The shareholder may then cast his entire block for one candidate or may distribute his votes among any number of candidates in whatever proportion he desires. See Kaplan, Nadler's

Georgia Corporation Law, § 11-10 (1971).

In the case at bar only straight voting was authorized by the articles of incorporation, and the appellee was authorized to cast 650 votes for each of the directors elected. This was not cumulative voting, and appellant's contention that it was such is without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 11, 1974 — DECIDED
SEPTEMBER 24, 1974.

*Long & Siefferman, Floyd E. Siefferman, Jr.,* for appellant.

*Van Gerpen & Bovis, John M. Bovis, H. Douglas Hanks, John V. Burch,* for appellees.